# DISTRICT COURT OF THE UNITED STATES
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00094-FDW

| | |
|---|---|
| GARY D. GOCHIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| FNU CHESTER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on periodic status review.

Pro se Plaintiff Gary D. Gochie ("Plaintiff") filed a Complaint under 42 U.S.C. § 1983 on July 10, 2019 against various Defendants alleging constitutional violations while he was confined at Alexander Correctional Institution in Taylorsville, North Carolina. [Doc. 1]. In his Complaint, Plaintiff states that he has had a case dismissed based on the "three strikes rule" found in 28 U.S.C. § 1915(g) and cites Civil Case No. 5:18-cv-00128-FDW ("Case No. 5:18-cv-128"). [Doc. 1 at 10]. Despite Plaintiff's admission relative to the three strikes rule, Plaintiff's Complaint in Case No. 5:18-cv-128 was dismissed for failure to state a claim upon which relief could be granted, not under the three strikes rule. [Case No. 5:18-cv-128, Doc. 17].

In reviewing Plaintiff's other matters filed with the Court, however, the Court sees that Plaintiff filed yet another case, Civil Case No. 5:18-cv-00148-FDW ("Case No. 5:18-cv-148"), which was dismissed without prejudice on October 25, 2019, for failure to prosecute after Plaintiff failed to notify the Court of his current address. [Case No. 5:18-cv-148, Doc. 50]. Specifically, the Court learned through a notice filed by the North Carolina Department of Public Safety that the Plaintiff had been released from NCDPS custody. [Id., Doc. 44].

In the instant case, Plaintiff's address of record remains Alexander Correctional Institution. As such, as in Case No. 5:18-cv-148, Plaintiff has failed to notify the Court of his current address.

Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a pro se plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, Civil Action No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail). Before dismissing this action for failure to prosecute, the Court will give Plaintiff ten days in which to notify the Court of his updated address.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff shall have ten (10) days from service of this Order in which to notify the Court of his change in address.

2. The Clerk is directed to mail this Order to Plaintiff's address as listed on the Court's docket report.

Signed: December 20, 2019

Frank D. Whitney
Chief United States District Judge