| | |
|---|---|
| **GARY D. GOCHIE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) **ORDER** |
| **FNU CHESTER, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**THIS MATTER** is before the Court on periodic status review following the Plaintiff's failure to comply with the Court's Order requiring Plaintiff to notify the Court of his change in address [Doc. 12] and the return of mail sent to Plaintiff's listed address as undeliverable.

In reviewing Plaintiff's other matters filed with the Court, the Court was alerted to the fact that Plaintiff had been released from NCDPS custody and that Plaintiff had failed to notify the Court of his current address. As such, on December 23, 2019, the Court entered an Order in the instant case requiring the Plaintiff to notify the Court of his change in address within ten days of that Order or the Plaintiff's case would be dismissed for failure to prosecute. [Doc. 12]. On January 9, 2019, the Court received notice that that Order was being returned as undeliverable because Plaintiff was released from custody. [Doc. 13].

The Court, therefore, will dismiss this action without prejudice. A plaintiff has the obligation to notify the Court of an address change. Plaintiff has failed to notify the Court of his change in address. Therefore, this action will be dismissed without prejudice for failure to prosecute. Accord Walker v. Moak, Civil Action No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b)

of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new

address upon his release from jail).

**IT IS, THEREFORE, ORDERED that:**

1.      This action is dismissed without prejudice.

2.      The Clerk is directed to terminate the case.

Signed: January 13, 2020

Frank D. Whitney
Chief United States District Judge